IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK SLUPSKI,** | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 18-3999 |
| **NATIONWIDE MUTUAL INSURANCE COMPANY,** | : |
| | : |
| Defendant. | : |

**MEMORANDUM**

**TUCKER, J.**                                                     **July 14, 2021**

Before the Court are Defendant Nationwide Mutual Insurance Company's Motion for Summary Judgment (ECF 35) and Plaintiff Frank Slupski's Motion for Partial Summary Judgment (ECF 37). Upon careful consideration of the Parties' submissions, and for the reasons outlined below, Defendant's motion is granted in part as to the bad faith claim under 42 Pa. Stat. Ann. § 8371. Plaintiff's motion is moot due to its basis on a count only present in the Amended Complaint that sought to add class action claims, which this Court has rejected.

**I.**      **FACTUAL AND PROCEDURAL BACKGROUND[1]**

Plaintiff Frank Slupski brought this breach of contract action against Nationwide Mutual Insurance ("Defendant") on September 17, 2018 for its failure to extend uninsured motorist coverage after a collision on November 14, 2014. Slupski, who was driving a vehicle that was owned by the municipality of Phoenixville, PA, while it was in the custody of his employer,

---

[1] This section primarily draws from the statement of facts provided in Defendant's Motion for Summary Judgment (ECF 35). Where there are disagreements, Plaintiff's Response (ECF 39) or Complaint (ECF 1) will be cited.

1

Phoenixville Tire and Service, was rear-ended by another vehicle. Compl. ¶ 18. The vehicle Plaintiff was driving was insured by Nationwide under an automobile liability insurance policy.

As a result of the incident, Plaintiff underwent a cervical discectomy and fusion surgery. *Id.* The driver of the other car involved in the collision was underinsured. Plaintiff received $290,000.00 from the insurance company of the driver who struck him.

Plaintiff then informed Defendant that he would be making a claim for Underinsured Motorist ("UIM") coverage under the Nationwide policy issued to Plaintiff's employer. Defendant informed Plaintiff that UIM coverage was unavailable because at the time of the collision, Plaintiff was operating a vehicle that was not insured under the UIM provisions of Defendant's Policy.

As a result of the coverage denial, Plaintiff filed this lawsuit, which asserted causes of action for declaratory judgment, statutory bad faith, common law bad faith, and sought UIM benefits. Nationwide filed a Motion to Dismiss the Complaint for failure to state a claim, contending that Plaintiff did not qualify as an insured under the Nationwide Policy. This Court granted the motion, dismissing the Complaint on May 6, 2019. That order was appealed to the Third Circuit, which reversed the dismissal of the Complaint, ruling that while Plaintiff was correctly deemed to not be an insured under the policy, the policy provisions which made that finding possible violated the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa. Stat. Ann. §§ 1701 *et seq. Slupski v. Nationwide Mut. Ins. Co.*, 801 F. App'x 850, 852 (3d Cir. 2020).

Following the revival of the suit, and several months after Defendant filed its answer, Plaintiff sought to amend the complaint to add class action claims, a motion this Court recently denied. *See* Or. June 30, 2021 (ECF 50). In April and May of 2020, Defendant made a series of

discovery requests related to Plaintiff's claims of injury and vocational disability stemming from the collision. Nationwide claims that Plaintiff failed to produce responses to discovery, leading to a July 2020 Motion to Compel that prompted the production of some medical records, income tax returns through 2018 and documents from the lawsuit directly against the driver that hit Plaintiff. Plaintiff rejects the claim that he refused to respond to discovery requests, and contends that he "submitted information and documentation in support of his claims for recovery of underinsured motorist benefits." Pl.'s Answer Mot. Summ. J. ¶ 11.

In addition to disputed discovery over Slupski's injuries and medical treatment, on October 7, 2020, counsel for Defendant presented a form signed on behalf of Phoenixville Tire and Service, the holder of the policy. The form, which was dated August 21, 1997, is an election of $500,000 in UIM coverage, which would limit Plaintiff's recovery. Plaintiff contends that the form is not a valid election under the MVFRL, and sought depositions of several individuals relating to the document; those witnesses have not been produced. *Id.* at ¶ 19.

On October 15, 2020, Nationwide offered to settle Plaintiff's claims for $500,000. This offer was made contingent on the release of all bad faith and class action claims. *Id.* at ¶ 20. Plaintiff maintained his position of entitlement to the full $2,000,000 limit of UIM coverage, and on October 22, 2020, the insurer raised its offer to $1,000,000. This offer was also contingent upon a release of bad faith and class action claims. *Id.* at ¶ 23. Plaintiff contends that the conditional nature of these settlement offers is itself bad faith conduct. *Id.*

Defendant filed a motion for summary judgment on the bad faith claims November 6, 2020. Plaintiff filed his rival summary judgment motion on the stacking issues on November 25, 2020.

## II. LEGAL STANDARD

Summary judgment can only be awarded when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). To defeat a motion for summary judgment, there must be a factual dispute that is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). A material fact is one that "might affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248. A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id.*

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). When the movant is the defendant, she has the burden of demonstrating that the plaintiff "has failed to establish one or more essential elements of her case." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013). If the movant sustains her initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249 (citations omitted); *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the

light most favorable to the non-moving party. *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001). Nonetheless, the court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

III. **ANALYSIS**

Defendant's Motion is granted as to the bad faith claim under 42 Pa. Stat. Ann. § 8371, but is denied as to the common law bad faith claim. While both forms of bad faith require a showing by "clear and convincing evidence", common law bad faith can be demonstrated through negligent insurer handling of a claim. *DeWalt v. Ohio Cas. Ins. Co.*, 513 F. Supp. 2d 287 (E.D. Pa. 2007). Statutory bad faith requires proving the insurer (1) lacked a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded the lack of basis for the claim denial. *Rancosky v. Washington Nat'l Ins. Co.*, 642 Pa. 153, 170 A.3d 364 (2017). Nationwide's behavior could support a negligence finding by the jury, but not one of knowledge or reckless disregard as to the basis for the claim denial. While Defendant elides the distinction between these two standards in its motion, Plaintiff ignores in his response the need to meet a "clear and convincing" burden of proof to survive summary judgment and ultimately prevail at trial. Plaintiff's motion on stacking issues is moot due to its basis on a count only present in disallowed amendment which sought to add class action claims.

A. **Issues of Material Fact Remain on Common Law Bad Faith**

Plaintiff has raised enough evidence to present an issue of material fact for a jury on the question of bad faith, at least for the purposes of the common law claim. Plaintiff contends that the Defense motion conflates the legal standards for bad faith claims; those at common law and

those made under the MVFRL, 42 Pa. Stat. Ann. § 8371. Despite the existence of a statutory remedy, the common law remedy remains in Pennsylvania law. *See Birth Ctr. v. St. Paul Companies, Inc.*, 567 Pa. 386, 403, 787 A.2d 376, 386 (2001) ("The [bad faith] statute does not reference the common law, does not explicitly reject it, and the application of the statute is not inconsistent with the common law. Consequently, the common law remedy survives."). Common law bad faith claims are judged by whether the insurer acted "negligently or unreasonably" in handling the insurance claim. *DeWalt v. Ohio Cas. Ins. Co.*, 513 F. Supp. 2d 287, 297 (E.D. Pa. 2007). An insurer avoids bad faith when they decide not to settle within the limits of a policy with "a bona fide belief . . . predicated on all the circumstances of the case, that it has a good possibility of winning the suit." *Id.* at 292 (quoting *Cowden v. Aetna Cas. & Sur. Co.*, 389 Pa. 459, 471, 134 A.2d 223, 228 (1957)).

A bad faith claim at common law must be proven by clear and convincing evidence. *Cowden*, 134 A.2d at 229. Because of the clear and convincing evidence standard at trial, there is a heightened showing that needs to be made by Plaintiff to defeat Nationwide's motion for summary judgment. *See Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 129 (3d Cir. 2005); *Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517, 522 (3d Cir. 2004), *as amended* (Aug. 12, 2004) ("where the clear and convincing evidence standard applies, the trial judge must inquire whether the evidence presented is such that a jury applying that evidentiary standard could find only for one side.").

1. *Pre-suit Conduct*

While Plaintiff has made a showing of material facts as to bad faith on the common law claim, this showing is not based on the pre-suit conduct. Plaintiff strenuously asserts that the mere existence of this insurance policy demonstrates bad faith by Nationwide, as the policy

6

"attempted to subvert the statutes of the Commonwealth". Pl.'s Mem. Opp'n. Summ. J. (ECF 39-1) 9.

However, at the time Plaintiff made his initial claim with Nationwide, there was not judicial precedent that the terms of Defendant's policy were unlawful. As Defendant notes, Plaintiff acknowledged during the appeal that the question of a claimant like Slupski being an insured for the purposes of UIM coverage was an issue of "first impression". Def.'s Mot. Summ. J. (ECF 35, pages 20-21). The Third Circuit also recognized that its ruling was the first to squarely speak on this question. *See Slupski v. Nationwide Mut. Ins. Co.*, 801 F. App'x 850, 856 (3d Cir. 2020) (Krause, J., concurring) ("[T]he Majority and I agree, but, mindful that we are the first federal or state court to address these issues directly, I write to explain the distinction between [MVFRL] sections 1731 and 1734 in greater detail and to highlight the recent case law from the Supreme Court of Pennsylvania that reinforces our holding today."). Notably, Plaintiff is also unable to muster a single decision of a Pennsylvania state or federal court interpreting a similar policy provision to be invalid that predates the Third Circuit's decision in this case.

This matters because an insurer making a reasonable judgment as to coverage in a situation where the law is not clear cannot be liable for bad faith. *Brown v. Progressive Ins. Co.*, 2004 PA Super 346, ¶ 33, 860 A.2d 493, 501 (2004) ("our Courts have not recognized bad faith . . . where the insurer made a reasonable legal conclusion based on an area of the law that is uncertain or in flux."). Because of the acknowledged lack of judicial precedent on the legality of the Nationwide policy's UIM provision, and the fact that on the terms of the Nationwide policy Plaintiff would not have been an insured, bad faith cannot be demonstrated as to the initial denial of the claim.

2. *Post-suit Conduct*

However, a stronger showing of bad faith at common law can be made as to Defendant's post-suit conduct, specifically in the aftermath of the Third Circuit decision, which decisively ruled that the policy provisions that formed the core of Nationwide's coverage denial were "void and unenforceable" for violating the MVFRL. *Slupski*, 801 F. App'x at 855. Conduct that postdates the start of litigation can form the basis for a proper bad faith claim. *W.V. Realty, Inc. v. N. Ins. Co.*, 334 F.3d 306, 313 (3d Cir. 2003) (citing *O'Donnell ex rel. Mitro v. Allstate Ins. Co.*, 734 A.2d 901, 906 (Pa. Super. Ct. 1999))

After the Third Circuit ruled that the Nationwide policy violated the MVFRL, Nationwide did not extend a settlement offer for ten months after the decision. Pl.'s Mem. Opp'n. Summ. J. (ECF 39-1) 12. When Nationwide did present an offer to Plaintiff on October 15, 2020, it was for just $500,000 of the UIM benefits—in exchange for releasing the bad faith and class action claims.[2] Pl.'s Opp'n. Summ. J. Ex. E (ECF 39-2) 81. This offer was doubled a week later to $1 million, but it was contingent on a broader release of all disputes related to coverage. *Id.* at Ex. F (ECF 39-2) 83.

A failure to "promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy" is considered an unfair insurance practice under Pennsylvania law. 40 Pa. Stat. Ann. § 1171.5(a)(10)(xiii). The statute also singles out a refusal to "effectuate prompt, fair and equitable settlements of claims in which the company's liability under the policy has become reasonably clear" as a similarly unfair insurance practice. *Id.* at (vi). While a violation of the Unfair Insurance Practice Act (UIPA) does not constitute a per se violation of the

---

[2] The class action claims are not a part of this suit per this Court's June 30, 2021 Order (ECF 50).

bad faith statute, it does point to a material fact that could support a common law bad faith claim. *Compare Dinner v. United Servs. Auto. Ass'n Cas. Ins. Co.*, 29 F. App'x 823, 827 (3d Cir. 2002) ("It necessarily follows that a violation of the UIPA . . . is not a per se violation of the bad faith standard"), *and Emps. Mut. Cas. Co. v. Loos*, 476 F. Supp. 2d 478, 494 (W.D. Pa. 2007) ("both the Pennsylvania Superior Court and the . . . Third Circuit have taken the position that a violation of the UIPA does not constitute *per se* bad faith under section 8371."), *with Romano v. Nationwide Mut. Fire Ins. Co.*, 435 Pa. Super. 545, 554, 646 A.2d 1228, 1233 (1994) ("the rules of statutory construction permit a trial court to consider . . . the alleged conduct constituting violations of the UIPA or the regulations in determining whether an insurer, like Nationwide, acted in 'bad faith.'").

The fact that Nationwide offered a settlement is also not a safe harbor from a bad faith claim. *DeWalt v. Ohio Cas. Ins. Co.*, 513 F. Supp. 2d 287, 297–98 (E.D. Pa. 2007) ("Although most Pennsylvania cases finding bad faith do so in situations where an insurer refuses to settle, no case suggests that such a refusal is a pre-requisite for a bad faith claim.")

Given the resolution of the disputed terms in the Nationwide policy by the Third Circuit, Defendant's refusal to provide an unconditioned settlement for a claim under those terms is enough evidence that a reasonable jury could find in favor of Plaintiff on the common law bad faith claim.

**B. There Are No Issues of Material Fact as to Plaintiff's Statutory Bad Faith Claim**

Plaintiff has not raised enough evidence to present an issue of material fact as to the bad faith claim under the MVFRL, 42 Pa. Stat. Ann. § 8371. A successful claim under the statute not

only requires a showing of bad faith by clear and convincing evidence,[3] but also is subject to a higher substantive finding of intent on the part of the insurer.

To prove bad faith under § 8371, a claimant has to demonstrate (1) the defendant lacked a reasonable basis for denying benefits under the policy, and (2) that the defendant knew or recklessly disregarded that lack of reasonable basis in the claim denial. *Rancosky v. Washington Nat'l Ins. Co.*, 642 Pa. 153, 169, 170 A.3d 364, 373 (2017); *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 437 Pa. Super. 108, 125, 649 A.2d 680, 688 (1994). The first prong is "an objective inquiry into whether a reasonable insurer would have denied payment of the claim under the facts and circumstances presented." *Rancosky*, 170 A.3d at 374. Therefore, and contrary to the lower standard for a common law bad faith claim, "mere negligence is insufficient for a finding of bad faith" under the statute. *Id.* In making a determination under the second prong, while the insurer's "subjective motive of interest or ill will" is probative of that element, it isn't a prerequisite, and knowledge or reckless disregard of a lack of reasonable basis in denying a claim is sufficient. *Id.* at 377.

Because Nationwide's pre-suit conduct does not meet the common law bad faith standard, it also does not meet the more stringent statutory bad faith standard for the purposes of avoiding summary judgment. *See supra* Section III.A.1 Therefore, this Court will look at the insurer's post-suit conduct—specifically after the Third Circuit's decision—under the statute.

---

[3] "Clear and convincing evidence" is an elevated standard a court is obligated to take into account when deciding a summary judgment motion. *See Williams v. Hartford Cas. Ins. Co.*, 83 F. Supp. 2d 567, 571 (E.D. Pa. 2000), *aff'd without opinion,* 261 F.3d 495 (3d Cir. 2001) for discussion of this standard in relation to a claim under § 8371 ("in opposing a summary judgment motion, the plaintiff's burden of proof also rises to the clear and convincing [evidence] standard.), *and supra* Section III.A 6 for discussion of this standard in relation to the common law claim.

*1. Post-suit Conduct*

Nationwide's conduct after the start of litigation in this case does not meet the exacting standard for a bad faith claim under § 8371. Once the decision came down, Nationwide—with an eye to making an evaluation of Plaintiff's claims for pain and suffering, vocational disability, and past and future losses of income—made a series of discovery requests in spring 2020 as to Plaintiff's tax forms, attempts to seek employment after the collision, and evaluations of ability to work. Def.'s Mot. Summ. J. (ECF 35, pages 4 and 22). The discovery also sought medical records relating to Plaintiff's injuries and treatment. *Id.* Several months of non-response and a motion to compel later, Plaintiff provided some documents responsive to the initial discovery request, but appeared to view the discovery process as an unreasonable imposition—the medical records produced were identical to those provided in May 2017 during a different legal action directly against the driver that had hit Plaintiff, three additional short notes from 2017, 2019 and 2020, and a narrative report sent months after the end of discovery. *Id.* at 23.

Despite his disability claims, Plaintiff also failed to promptly produce "employment applications, disability applications, functional capacity evaluations, records pertaining to wages he claimed on tax returns or the other items requested to evaluate his economic and vocational incapacity claims." *Id.* at 23. The items relevant to that evaluation which were provided, academic transcripts and the report of a vocational expert who did not personally evaluate Plaintiff, were both produced after discovery ended. *Id.* at 23-24. Defendant contends that it was able to formulate its settlement offers based on that evidence, depositions, "surveillance evidence of the Plaintiff", defense expert opinions and an independent medical examination. *Id.* at 24. Claims relating to pain and suffering, mental anxiety and anguish, and an inability to attend to usual duties—all elements of Plaintiff's claim—are "inherently subjective", and a figure at the

lower end of a settlement range does not constitute clear and convincing evidence of knowledge of or reckless disregard of a reasonable basis for the handling of the claim. *Williams v. Hartford Cas. Ins. Co.*, 83 F. Supp. 2d 567, 575-766 (E.D. Pa. 2000), *aff'd without opinion,* 261 F.3d 495 (3d Cir. 2001). Such claims also require investigations, and these requests were part of standard claims investigation processes.

Even if a court may find the insurer's actions questionable—and the discovery requests made by Nationwide could be considered aggressive—such questionable activity or the zealous defense of the insurer's interest does not constitute bad faith. *Bernstein v. Geico Cas. Co.*, No. CV 19-1899, 2020 WL 1308226, at *4 (E.D. Pa. Mar. 19, 2020). Plaintiff notes that it took ten months for Nationwide to provide a settlement offer after the Third Circuit decision. But this is well under periods of time that have been deemed acceptable for statutory bad faith purposes. *See e.g., Id.*; *Segall v. Liberty Mut. Ins. Co.*, No. CIV. A. 99-6400, 2000 WL 1694026, at *2 (E.D. Pa. Nov. 9, 2000) ("The Third Circuit upheld . . . [a] finding that a period of approximately thirteen months between the initiation of a UIM claim and its settlement did not constitute bad faith absent aggravating factors.") (citing *Quaciari v. Allstate Insurance Company,* 998 F.Supp. 578, 579–80 (E.D. Pa. 2000), *aff'd without opinion*, 172 F.3d 860 (3d Cir. 1998)); *Williams*, 83 F. Supp. 2d at 572 ("While plaintiffs are correct that Hartford could have completed its investigation with greater speed [than fifteen months], the simple fact that it failed to do so does not amount to clear and convincing evidence by which a jury could conclude that Hartford acted in bad faith.").

Additionally, Defendant communicated with Plaintiff during discovery, sending multiple document requests and communicating with Plaintiff's counsel, which is arguably more responsive than the amount of communication Defendant received in response. This too weighs

against whether a reasonable jury could rule that Nationwide had knowing or reckless disregard for the deficiency of its position. *Bernstein*, 2020 WL 1308226, at *4. As a result, summary judgment is granted on the statutory bad faith claim because no reasonable jury could find for Plaintiff on the facts presented.

### C. Stacking Issues are Irrelevant to Remaining Claims

Plaintiff's Motion for Partial Summary Judgment (ECF 37) seeks a finding that Slupski is obligated to received $2,000,000 in stacked UIM coverage under the Nationwide policy. However, this motion relates to a claim only present as Count II in the proposed class action Amended Complaint, which this Court has rejected. *Compare* Compl. ¶¶ 25-91 *with* Proposed Am. Compl. (ECF 19-4) ¶¶ 51-67. Therefore, this briefing is irrelevant and the motion is denied as moot.

## IV. CONCLUSION

For the foregoing reasons, summary judgment for Defendants is entered on the statutory bad faith claim of Count III but is denied as to the common law bad faith claim of Count III. The summary judgment briefing relating to stacking issues is moot as the claim is put forth in the disallowed amendment.

An appropriate order follows.